NORTON KEATHLEY, AS ADMINISTRATOR, *de bonis non* OF THE ESTATE OF C. C. KEATHLEY *et al.*, *Appellants*, v. LILLIE SEWELL, *et al.*, *Appellees*.

Where an administrator *de bonis non* buys up debts and judgments against the estate of the decedent for about one-tenth of their face value, and then files a petition with the County Judge for the sale of the real estate of the decedent, and to be allowed to bid for such real estate and to become a purchaser thereof, and to apply the proceeds to the said judgments and other demands, and where it appears that three days after the filing of said petition, and without notice an order was made for the sale of such realty according to the prayer of said petition, upon a bill filed in the Circuit Court to enjoin such sale, the Circuit Judge committed no reversable error in granting such injunction under his constitutional supervisory power although the bill may have been defective because all the parties in interest were not at the time parties in the bill.

This case was decided by Division B.

Appealed from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*Davant & Davant,* for Appellant;

*F. B. Coogler,* for Appellees.

Hocker, J.—Lillie Sewell, John A. Sewell, her husband, Daisy Bracey and Robert L. Bracey, her husband, Mignon Bracey and Harry E. Bracey, her husband, of Hernando County, Florida, filed a bill in the Circuit Court of said county against Norton Keathley, as administrator *de bonis non* of the goods, chattels, rights and credits of Christopher C. Keathley, deceased, Norton Keathley in his own right, and Florence L. Keathley, his wife, and William A. Thaxton, commissioner, appointed to sell the property described in the bill. It is alleged that Norton Keathley was appointed administrator *de bonis non* in June, 1906; that complainants, Algernon Keathley, now of Columbia, South Carolina, Mrs. Mary E. Keathley, widow of C. C. Keathley, and Norton Keathley constitute all the heirs at law of said C. C. Keathley, deceased; that previous to the appointment of Norton Keathley, a dower interest in the property described in the bill had been allotted to Mrs. Mary E. Keathley, who is *non compos mentis;* that Norton Keathley has colluded and conspired to defraud and cheat the said estate out of large sums of money; that he has bought up certain judgments against the estate for small considerations and had them assigned to his wife Florence, and now seeks to have them enforced against the estate, under an order of the county Judge of Hernando County, directing that said property be sold to satisfy said judgments, said order bearing date December 22nd, 1910. It is alleged that the said administrator claims to have paid out a large sum of money for tax redemptions, a large sum for insurance, and a large sum, viz., $638.00, for fees and extraordinary expenses; that without notice to complainants or either of them the said administrator made application by petition to the County Judge of Hernando County for an order to sell the real estate to satisfy the judgments and claims aforesaid, all of

which appears from a certified copy of the petition attached to the bill and made a part thereof; that on December 22nd, 1910, the County Judge entered an order to sell the lands in accordance with the prayer of the petition, a certified copy of the said order being made a part of the bill; that Thaxton as Commissioner had advertised the lands for sale on the 6th of February, 1911. It is alleged that a large part of the lands advertised for sale have been allotted to Mrs. Mary C. Keathley as her dower interest in the estate, and is exempt from sale; that the assignments of the judgments to the wife of Norton Keathley was made to defraud the estate. It is alleged that the schedule attached to the petition filed in the County Judge's court does not show the tax certificates were upon lands of the estate, nor a just charge against it. It is alleged that the tax certificates were purchased by Norton Keathley at a greatly reduced price, and the sums stated in the schedule are not the true sums paid therefor; that the fees and extraordinary expenses recited in the schedule are exorbitant and unreasonable, and not a just claim against the estate, and that the proceeding before the County Judge was instituted for the purpose of cheating and defrauding the estate and complainants. It is further alleged that the administrator *de bonis non* has received the rents and profits of the entire estate, has collected debts owing to it, "for all of which he has not entered into a full and complete inventory and settlement thereof." It is alleged that to permit the sale will enable defendants to perpetrate a fraud against the estate and complainants; that the notes and mortgages which were outstanding against the estate were assigned to Norton Keathley for the use and benefit of the estate and complainants, and that notwithstanding this he claims to own them in his own right. It is also alleged that other heirs of C. C.

Keathley have made advancements for payment of taxes and other expenditures for the protection of said estate for which they have not been reimbursed, which was well known to Norton Kéathley. The bill prays that defendants answer the bill, but not under oath; for a cancellation of the judgments owned by Florence Keathley, for a full and complete accounting by Norton Keathley as administrator *de bonis non,* including all money expended and received, for a cancellation of the judgments, notes and mortgages purchased by him against the estate and for general relief. It also prays for a temporary injunction, until further order or final hearing by the court.

Attached to the bill as a part of it is the petition of the administrator *de bonis non* to the County Judge, setting up the ownership of certain lands by the deceased Keathley; that the title became involved by reason of unpaid taxes, and that believing there was danger of said lands being sold under execution at a loss, and being without assets of the estate of his intestate, with his own means and credit, for a comparatively small sum (between three and four hundred dollars) "though by greater incidental expenses and personal liability," he effected "assignments to himself individually and composition" of judgments amounting to a little over four thousand dollars, which judgments petitioner later assigned to Florence L. Keathley, his wife, with the purpose of avoiding personal complication. The petition then describes the lands which he alleges are subject to the lien of said judgments, while petitioner has incurred expenditures for taxes and other unavoidable expenses incident thereto as exhibited in a schedule annexed to the petition, besides other expenditures by petitioner made for and on account of the estate, and that he is informed there are other demands outstand-

ing. The petition alleges that said lands have been and are almost wholly unproductive to the income of the dowress; that petitioner has acquired no personal assets of the estate, and the sale of said lands will "promote all interests and estate thereon, and it is necessary for the payment of said judgments. Wherefore petitioner prays decree of this Honorable Court authorizing and directing the sale of the said lands according to law, saving pro· vision of the said dower, and for the further application of the proceeds to the said judgments and other demands according to the relative rank thereof, and that your petitioner be authorized and empowered to bid and be· come a purchaser at such sale or sales, with other and further relief in the premises as is provided by law, and such as is consistent with equity."

There is a schedule attached to the petition, apparently showing the cost of certain tax certificates, a small sum for surveying, one hundred and eight dollars for insurance, a small sum for a quit claim, the cost of an abstract of title, and·closing with this item. "Fees and extraordinary expenses (estimated) $638.00."

The foregoing presents the substance of the bill, petition and schedule. The County Judge granted the prayer of the petition. He states in the order that the hearing was on the verified petition supported by documentary evidence from the record of the said estate remaining in his court, and was *ex parte.* The petition was sworn to before the County Judge on the 19th of December, 1910, and the order for the sale was made on the 22nd of December, 1910. The order authorized the administrator *de bonis non* to bid on the property, and directs a deed to be executed to him should he become the purchaser. As the order recites that the prayer of the petition was granted, it authorized the administrator *de bonis non* to

use the judgments and claims he had bought up and caused to be assigned to his wife, in payment of the property. Upon a hearing the Circuit Judge granted a temporary injunction, from which order an appeal was taken to this court. The assignments of error question in various forms the jurisdiction of the chancery court, and the sufficiency of the bill. It is true the Circuit Judge in his order makes some criticism of the bill because of some looseness in its structure, and the failure to bring in all the interested parties, but suggesting amendments, he found enough in the bill to justify an injunction. In this we think he committed no error. To say the least of it, the proceeding before and the order by the County Judge, as shown by this record justified the exercise of the constitutional supervisory power of the Circuit Judge. The order of sale seems to have been made without notice, three days after presentation of the petition. See Section 2414 Gen. Stats. of 1906. It seems to have authorized the administrator *de bonis non* to buy the real estate at the sale, and to use in such purchase at their face value about $4,000.00 of judgments, which his petition shows only cost him between $300 and $400. This was enough to give color to the charge of fraud contained in the bill. At best he was entitled to no more than re-imbursement of the amounts actually paid by him and interest. The order also authorized the sale of the lands in which the widow had been allotted dower, and the payment to her by the purchaser of 8% interest on the purchase price during her life. She was not represented before the County Judge, and is not a party to this proceeding. It is alleged she is *non compos mentis.*

It may be that the bill should be amended so as to get all the parties and interests before the court, but as it stands we think there was enough to give the court juris-

diction, and enough to justify the injunction. See Deans v. Wilcoxon, 25 Fla. 980, 7 South. Rep. 163; 18 Cyc., 287, 309; 11 Am. & Eng. Ency. Law (2nd ed.) 918; 28 Am. & Eng. Ency. Law (2nd ed.) 1029.

The decree appealed from is affirmed, at the cost of appellants.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.